[Civil No. 802.   Filed March 26, 1904.]

[76 Pac. 460.]

## C. E. HOWARD, Defendant and Appellant, v. E. B. PERRIN, Plaintiff and Appellee.

1. EJECTMENT — UNOCCUPIED LAND — POSSESSORY RIGHT—REV. STATS. ARIZ. 1887, PAR. 2222 (AMENDED BY ACT No. 79, p. 97, LAWS 1893, AND INCORPORATED IN REV. STATS. ARIZ. 1901 AS PAR. 3525), CONSTRUED AND HELD TO APPLY ONLY TO UNOCCUPIED GOVERNMENT LAND.—The statute, *supra,* providing that all persons settling upon public land with the view of acquiring title thereto shall be protected in the peaceable possession to the extent of one hundred and sixty acres, gives to settlers the right to hold solely by possession where the land is unoccupied government land, and has no application to unoccupied land in private ownership.

2. WATER AND WATER-RIGHTS — STREAMS — SURFACE—UNDERGROUND— APPROPRIATION — PERCOLATING WATERS — REV. STATS. ARIZ. 1887, PAR. 3199, SEC. 1, PAR. 3201, SEC. 3, AND LAWS 1893, ACT No. 86, p. 135, CITED AND CONSTRUED.—Under the statutes, *supra,* relating

to the appropriation of water for beneficial purposes, the water of all streams flowing in a well-defined channel, whether on the surface or underground, is subject to appropriation. Percolating waters are the property of the owner of the soil.

3. SAME — SAME — UNDERGROUND—EVIDENCE—BURDEN OF PROOF.—The burden of proving that underground waters flow in a natural channel between well-defined banks rests upon the person asserting it.

4. APPEAL AND ERROR—EVIDENCE—WEIGHT OF EVIDENCE—WILL NOT BE DISTURBED.—Where the burden of proof to establish a given fact is upon a party, unless the evidence is such as to prove clearly and conclusively the fact for which it was offered, the finding of the trial court against the establishment of such fact will not be disturbed on appeal.

5. INTEREST—RATE ON JUDGMENT—REV. STATS. 1901, PAR. 2774, CITED. —The legal rate of interest upon judgments under the statute, *supra,* is six per cent per annum.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. R. E. Sloan, Judge. Modified.

E. E. Ellinwood, and W. C. Campbell, for Appellant.

Underground water flowing in a defined channel is subject to appropriation. *Cross* v. *Kitts,* 69 Cal. 222, 58 Am. Rep. 558, 10 Pac. 409; *Lord* v. *Meadville Water Co.,* 135 Pa. St. 122, 20 Am. St. Rep. 864, 19 Atl. 1007, 8 L. R. A. 202; *Metcalf* v. *Nelson,* 8 S. Dak. 87, 59 Am. St. Rep. 746, 65 N. W. 911.

H. F. Ashhurst, and E. M. Doe, for Appellee.

In all the states and territories, whether the common-law doctrine of riparian rights or the Pacific Coast doctrine of appropriation obtains, the decisions are uniform, to the effect that percolating waters are the property of the owner of the soil, only one exception being anywhere recognized, that being the case of known subterranean streams or rivers flowing in natural channels between well-defined banks, which are subject to the same rules as surface streams. *Barkley* v. *Wilcox,* 86 N. Y. 143, 40 Am. Rep. 519; *Bloodgood* v. *Ayers,* 108 N. Y. 404, 2 Am. St. Rep. 443, 15 N. E. 433; *Haldeman* v. *Bruckhart,* 45 Pa. St. 514, 84 Am. Dec. 511; *Greenleaf* v. *Frances,* 18 Pick. 117; *Chatfield* v. *Wilson,* 28 Vt. 49; *Roath* v. *Driscoll,* 20 Conn. 533, 52 Am. Dec. 352; *Frazier* v. *Brown,* 12 Ohio

St. 294; *Dickinson* v. *Grand Junction Canal Co.*, 9 Eng. Law & Eq. Rep. 521; *Case* v. *Hoffman*, 100 Wis. 314, 44 L. R. A. 728, 72 N. W. 390, 74 N. W. 220, 75 N. W. 945; *Tampa Water Works Co.* v. *Cline*, 37 Fla. 586, 53 Am. St. Rep. 262, 33 L. R. A. 376, 20 South. 780; *Gould* v. *Eaton*, 111 Cal. 639, 52 Am. St. Rep. 201, 44 Pac. 319; *West* v. *Taylor*, 16 Or. 165, 13 Pac. 665; *Willow Creek Irrigation Co.* v. *Michaelson*, 21 Utah, 248, 81 Am. St. Rep. 687, 60 Pac. 943, 51 L. R. A. 280; *Crescent Min. Co.* v. *Silver King Co.*, 17 Utah, 444, 70 Am. St. Rep. 810, 54 Pac. 244; *Hanson* v. *McCue*, 42 Cal. 303, 10 Am. Rep. 299; *Acton* v. *Blundell*, 12 Mees & W. 324; *Taylor* v. *Welch*, 6 Or. 199; *Southern Pacific R. R. Co.* v. *Dufour*, 95 Cal. 615, 30 Pac. 783, 19 L. R. A. 92; *Ocean Grove* v. *Asbury Park*, 40 N. J. Eq. 447, 3 Atl. 168; *Village of Delhi* v. *Youmans*, 45 N. Y. 362, 6 Am. Rep. 100; *Williams* v. *Ladew*, 161 Pa. St. 283, 49 Am. St. Rep. 891, 29 Atl. 54; *Mosier* v. *Caldwell*, 7 Nev. 363; *Chase* v. *Silverstone*, 62 Me. 175, 16 Am. Rep. 419; *Chatfield* v. *Wilson*, 28 Vt. 49.

DOAN, J.—The appellee, E. B. Perrin, brought an action in ejectment in the lower court against C. E. Howard for the northwest quarter of section 15, township 25 north, range 3 west, in Coconino County, Arizona, based upon a record title in himself through mesne conveyances from the government. The appellant, C. E. Howard, in his answer claimed the property by right of possession only for a period of more than two years after plaintiff's right of action accrued and prior to the bringing of suit, and set up the statute of limitations in bar of the action. Defendant, as cross-complainant, further alleged in a cross-complaint that there was a subterranean stream of water running in a well-defined channel through and under the premises, and that prior to any public survey of the said land one J. W. Abshire appropriated all of the said waters for beneficial purposes; that the cross-complainant purchased the right of the said Abshire, and thereafter, on the sixteenth day of July, 1895, and prior to any public survey of the land, appropriated all of the said waters in conformity with the provisions of the statutes at that time existing, constructed pipe-lines and reservoirs, and applied said water to domestic, stock, and other beneficial purposes, and had thus used the said water and all thereof since the said appropria-

tion; that the use of the land in controversy is necessary to the cross-complainant for the maintenance and complete use and enjoyment of the water and waterways thus appropriated and used by him; and asked,—1. That the cross-complainant be decreed to be the owner by right of appropriation of all the water flowing into and through said subterranean stream or channel, and entitled to the exclusive use and benefit thereof; 2. That defendant and cross-complainant be decreed to have a right of way over, through, and upon the said premises for the maintenance, repair, and use of said wells, pipe-lines, and reservoirs; and 3. That the plaintiff, the appellee herein, be enjoined from in any manner interfering with defendant's and cross-complainant's use of said water and waterways and entry upon the said premises for the said purposes of use, maintenance, and repair as aforesaid.

The stipulation on file, signed by the respective parties, and the evidence introduced by the plaintiff, satisfactorily established that the land in controversy was acquired from the United States by the Atlantic and Pacific Railroad Company under the provisions of an act of Congress dated July 27, 1866, (14 Stats. 292,) and that it was conveyed by the said Atlantic and Pacific Railroad Company to the plaintiff by warranty deed dated the thirteenth day of January, 1897. It is established by the evidence that Howard's grantor went upon the land in question in 1889, when it was unoccupied and unsurveyed, and sank a well and developed a flow of water, which he conducted by means of a pipe-line to some water troughs about three hundred feet distant, and constructed a reservoir to impound the overflow, and that he used the water from such troughs and reservoir for stock purposes; that he afterwards sunk a second well, and excavated two tunnels deflecting from the sides thereof for the purpose of developing and storing a stronger flow of water, which he utilized by means of the aforesaid pipe-line, troughs, and reservoirs for stock purposes, watering and dipping sheep therein; that in the year 1892 he sold his possessory right to the premises and his improvements thereon, including the wells, troughs, pipe-line, and reservoir, to the appellant herein, who from that time had remained in possession of the premises, and continued the use of the water for these purposes, until the institution of this action. It was also established

by the evidence that the defendant, the appellant herein, on the 16th of July, 1895, posted on the dwelling-house on the premises a notice, in accordance with act 86 of the seventeenth legislature (Laws 1893, p. 135), that he had appropriated all the water in a certain defined underground channel of water, and to that end had made certain cross-cuts, a tunnel, and a well, also a certain ditch, pipe-line, and reservoir, all located at a place known as the "Abshire Place," held by him as a possessory right on unsurveyed land of the United States, and recorded a copy of said notice on said date in the public records of Coconino County, at page 63 in book 1 of "Millsites and Water-Rights." The defendant claimed no title, save such as this appropriation of water and the continuous occupation and use of the premises as a place to water stock may have given him.

The occupancy of the land by the defendant, based upon the right of possession only, does not avail against the plaintiff herein, claiming under a valid record title. Paragraph 2222 of the Revised Statutes of 1887 (afterward amended by act No. 79, p. 97, of the Laws of 1893, and incorporated in the Revised Statutes of 1901 as paragraph 3525), under which the defendant claimed to hold this land as a possessory right, by way of establishing what was therein called "possessory rights," provided: "That all persons who have heretofore or may hereafter settle upon, cultivate or improve a tract of land in this territory, with a view of acquiring title thereto under the existing laws of the United States, shall be protected in the peaceable possession and quiet enjoyment of said tract of land, with all the improvements thereon, and all the wood, timber, soil and materials growing or being thereon, to the extent of one hundred and sixty acres or one half mile square in compact form, if unsurveyed, according to the cardinal points, and, if surveyed by the United States, then according to the lines of said survey, so as to include such improvements." This law gave to settlers the right to hold solely by possession land to the extent of one hundred and sixty acres, and provided for their protection in such peaceable possession, the only two requisites being that the land thus held should be unoccupied government land belonging to the United States, and that the settler should occupy and hold the same with the view of acquiring title

thereto under the existing land laws of the United States. The statute of limitations invoked by the defendant in this instance was evidently intended by the legislature to apply to such persons, and would be available to bar an action between contesting parties of this class, wherein neither party could claim title to the premises, but each claims only the subordinate right to possession, subject to the recognized paramount title of the United States. The defendant has defined the character of his possession of this property in the notice introduced by him in evidence as posted on the dwelling-house on the premises in July, 1895, by stating that it is "the place known as the 'Abshire Place,' held by me as a possessory right . . . on unsurveyed land of the United States." But the establishment of the fact that the premises in question were not public lands of the United States at the time they were settled upon by the defendant has excepted him from the provisions of that law, it being impossible to acquire title under United States land laws to other than United States public lands. The lower court found as a fact "that the said land was, prior to the entry thereon of either the defendant and cross-plaintiff or his grantor, the property of the plaintiff and his grantor, and not public lands of the United States." This finding was fully sustained by the evidence as disclosed by the record, and as a conclusion of law therefrom the lower court held that "the defendant and cross-plaintiff was a trespasser upon the said land." The appellant, though he urged this defense in the lower court, seems to have abandoned it in this court, and relies upon his appropriation of water and his right to use the plaintiff's premises therefor. In his cross-complaint he alleges a prior appropriation of all the water flowing in a subterranean stream, running in a well-defined channel, under and through the premises, and its use for beneficial purposes, and the necessary use and occupancy of the land in controversy for the complete use and enjoyment of the water thus appropriated.

The Revised Statutes of 1887 provide:—

"(3199) Section 1. All rivers, creeks, and streams of running water in the territory of Arizona are hereby declared public and applicable to the purposes of irrigation and mining as hereinafter provided."

"(3201) Section 3. All the inhabitants of this territory who own or possess arable and irrigable lands, shall have the right to construct public or private acequias and obtain the necessary water for the same from any convenient river, creek or stream of running water. . . ."

Act 86 of the seventeenth legislature (Laws 1893, p. 135), under which this appropriation was alleged to have been made, further provides:—

"Section 1. That any person shall have the right to appropriate any of the unappropriated waters, or the surplus or flood-waters in this territory for domestic, stock and other beneficial purposes, and such person for the purpose of making such appropriation shall have the right to construct and maintain reservoirs, ditches and all other necessary waterways, and the person first appropriating waters for such purposes shall always have the better right to the same.

"Section 2. Every person who shall desire to appropriate any of the waters of this territory for the uses and purposes mentioned in section one of this act, shall first post at the place of diversion, on the stream or streams as the case may be, a notice of his appropriation. . . ."

The determination of this case depends upon whether the water developed and used by the cross-complainant and claimed to have been appropriated by him constituted a running stream flowing in natural channels between well-defined banks, such as is contemplated by the provisions of our statutes as cited herein, and therefore the subject of appropriation, or whether it was, on the contrary, filtrating or percolating water oozing through the soil beneath the surface in undefined and unknown channels, and therefore a component part of the earth, having no characteristic of ownership distinct from the land itself, and therefore not the subject of appropriation by another, but belonging to the owner of the soil. Throughout the Pacific Coast, where the doctrine of appropriation obtains, the decisions are uniform to the effect that waters percolating generally through the soil beneath the surface are the property of the owner of the soil, but that subterranean streams, flowing in natural channels, between well-defined banks, are subject to appropriation under the same rule as surface streams. The law on this subject has been correctly stated by the appellant in

VIII Ariz.—23

his brief: "No distinction exists between waters running under the surface in defined channels and those running in distinct channels upon the surface. The distinction is made between all waters running in distinct channels, whether upon the surface or subterranean, and those oozing or percolating through the soil in varying quantities and uncertain directions." *Strait* v. *Brown,* 16 Nev. 317, 40 Am. Rep. 497. He claims, however, that the evidence was clear and conclusive that the water in question was "a subterranean stream, with well-defined channel and banks," and that "the court erred in finding that the water in question was not a flowing stream with well-defined channel or banks." This presents solely a question of fact, both parties agreeing as to the law in the premises. The defendant having alleged in the cross-complaint that there was a subterranean stream of water running in a well-defined channel, the burden of proof was upon him to establish that fact by competent evidence. In such cases the rule invariably followed by appellate tribunals is that, unless the evidence was such as to prove clearly and conclusively the fact for which it was offered, the finding of the trial court against the establishment of such fact will not be disturbed on appeal. We have examined the evidence in this case, and do not see how the court could have found, from the evidence in the case, other than it did. We fail to find sufficient evidence in the testimony of the witnesses of the appellant to establish the existence of "a subterranean stream with well-defined channel or banks," even if no consideration were given to the contradictory evidence introduced by the opposite party.

We find nothing in the record to justify the reversal of the decision of the lower court or to necessitate a retrial of the case. Our attention has been called to the allowance of interest by the lower court at the rate of seven per cent per annum upon the judgment. This was clearly error. The legal rate of interest for judgments under the Revised Statutes of 1901 (par. 2774), which were in force at that time, was six per cent per annum. The judgment will be modified to that effect. The case will be remanded to the lower court, with the direction to enter the judgment bearing interest at the rate of six per cent per annum, as indicated herein.

Kent, C. J., and Davis, J., concur.