## HOWARD v. PERRIN.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 110.  Submitted December 6, 1905.—Decided January 2, 1906

Under the Atlantic & Pacific Railroad Company land grant act of July 27, 1866, title to land within the place limits passed to the company on the completion of the road without any selection or approval thereof by the Secretary of the Interior unless the tract was within the classes excepted by the act.

The two-year limitation in § 2941, Rev. Stat. Arizona, relates only to a plaintiff showing no better right than the defendant in possession and does not give to a mere occupant of public land a title by prescription against one subsequently acquiring title from the United States.

Rev. Stat., § 891 determines the question of competency of the public records therein referred to but not that of their materiality, and in this case certain certified copies of records and papers in the General Land Office were held competent evidence, and, although some may not have been material, the judgment will not be disturbed in the absence of any prejudice to appellant.

Section 1 of § 3199 Arizona Rev. Stat. 1887, declaring all rivers, creeks and streams of running water in the Territory to be public, does not apply to percolating water oozing through the soil. Whether the section applies to an actual subterranean stream undecided.

THIS action was commenced on July 13, 1898, in the District Court of Coconino County, Arizona, to recover possession of a quarter section of land, together with damages for its detention. The defendant, in addition to the denials in his answer of plaintiff's title, filed a cross complaint, praying a decree in his favor on account of certain alleged water rights. A trial resulted in a judgment for plaintiff, which was affirmed by the Supreme Court of the Territory, to review which judgment this appeal was taken. A statement of facts was prepared by the Supreme Court, which statement was in substance that the land was within the place limits and a part of the land granted to the Atlantic and Pacific Railroad Company by act of Congress, approved July 27, 1866, 14 Stat. 292; that the grant was accepted by the company, a map of definite location duly filed

and approved, and the railroad completed and accepted in the year 1884; that in April, 1894, the lands along this part of the road were surveyed and this tract found to be the northwest $\frac{1}{4}$ of section 15, township 25 north, range 3 west, of Gila and Salt River meridian; that the survey was accepted and approved by the surveyor general, and also by the Commissioner of the General Land Office; that on June 27, 1896, this tract, together with others, was duly and regularly selected by the railroad company as a portion of the lands to which it was entitled under the act of Congress; that on July 27, 1896, the filing of the list of such selections was allowed by the register and receiver of the United States Land office at Prescott, Arizona, by them approved, the land certified to be public lands of the United States within the place limits of the grant and free from all other claims; that thereupon such list so certified was forwarded to the Land Department at Washington, and has since remained on file in that office; that the cost of the survey and all fees allowed by law had been paid; that the land is non-mineral in character, neither swamp land nor claimed as such, nor within any reservation, and that there is no valid claim against it on file or of record in the land office of the district in which it is situated; and that on January 13, 1897, the railroad company conveyed the land to the plaintiff. The statement of fact further shows that the only water upon the land is percolating water, oozing through the soil beneath the surface, in an undefined and unknown channel; that in 1889 the defendant's grantor entered upon the land, then unoccupied and unsurveyed, sank a well and by running tunnels therefrom collected water in an arroyo, and conveyed the same by pipes to troughs and a reservoir for watering stock; that in 1892 the defendant's grantor conveyed the land to him by quitclaim deed, and that on July 16, 1895, he posted on the dwelling house on the premises a notice in accordance with the territorial act of 1886 (Laws Arizona, 1893, p. 135), that he had appropriated all the water in a certain defined underground channel, and recorded a copy of such notice in the public records; that the

defendant and his grantor had been in the exclusive, open and notorious possession, with the knowledge of plaintiff, of the land, improvements and water ever since the year 1889, claiming by right of possession only; that they had never diverted any water from the land, or used, or caused the same to be used, elsewhere by any person.

*Mr. E. E. Ellinwood* for appellant.

*Mr. Edward M. Doe* for appellee.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

The statement of facts discloses a title in the plaintiff (now appellee) sufficient to sustain the judgment for the recovery of possession, although no patent had been issued. *Deseret Salt Company* v. *Tarpey*, 142 U. S. 241.

The certified copy of the records and papers in the General Land Office was competent evidence. Rev. Stat. § 891. This section determines the question of competency but not of materiality. Some of the letters between the officials of the railroad company may not have been material, but there was nothing in them prejudicial. The certificate of the local land officers was competent to show that on the records of their office were no homestead, preëmption or other valid claims, and that the land had not been returned or denominated as swamp or mineral land. It is true there was no positive evidence that there were no minerals in the land, and of course nothing to show affirmatively that a mine might not be discovered prior to the issue of the patent, but the same could have been said of the showing in *Deseret Salt Company* v. *Tarpey, supra.* While the question of mineral was not discussed at that time and was first fully considered in *Barden* v. *Northern Pacific Railroad*, 154 U. S. 288, it appears from the opinion of the majority in the latter case that there was no intention to disturb the former

ruling. Neither is there anything in *Corinne Company* v. *Johnson*, 156 U. S. 574, to the contrary. In that case a judgment of the Supreme Court of Utah against a grantee of the railroad company was affirmed, but it was affirmed on the ground that the record did not purport to contain all the evidence, and, under those circumstances, we could not assume that there was not evidence to fully sustain the judgment of the territorial court, or that it was not in fact based upon an adjudication by the Land Department of the presence of mineral.

It must also be noticed that this land was within the place limits of the Atlantic and Pacific Company, and that, therefore, on the completion of the road, and without any selection or approval thereof by the Secretary of the Interior, the title passed unless the tract was within the excepted classes, and there was no testimony tending to show that it was. On the contrary, the testimony pointed in the other direction.

It is further claimed by appellant that he was protected by a statute of limitations of the Territory, paragraph 2301, Rev. Stat. Arizona, 1887, reënacted as section 2941, Rev. Stat. Arizona, 1901, which reads:

"2941 (Sec. 7.) In all cases when the party in possession claims real property by right of possession only suits to recover the possession from him shall be brought in two years after the right of action accrues and not afterwards, and in such case the defendant is not required to show title or color of title from and under the sovereignty of the soil as provided in the preceding section as against the plaintiff who shows no better right."

But this applies only in cases of mere possessory rights and is without force after the passing of the full legal or equitable title from the Government. Such was the construction placed on the statute by the Supreme Court of Arizona, and is undoubtedly correct. The language is clear. The claim of the defendant is a "right of possession only," and the limitation applies solely against a "plaintiff who shows no better right." To hold that the section gives to a mere occupation of public

land a title by prescription against one subsequently acquired from the United States would limit the full control of the Government over its landed property and qualify or destroy the effect of its patent or grant. *Toltec Ranch Company* v. *Cook,* 191 U. S. 532, does not conflict with this, for there a possession sufficient for the running of the statute of limitations was held after the full equitable title had passed from the Government, and when such title has passed the land comes under dominion of the State and is subject to its laws. But in this case the possession had not been long enough to create under the Arizona laws a defense to a title, legal or equitable, and the sole reliance was upon this section, which only applies to contests between possessory rights.

The remaining question arises under the cross complaint of the appellant, who claims a prior appropriation of all the water flowing in a subterranean stream which had been reached by digging a well, relying on these provisions of the Arizona Revised Statutes of 1887:

"3199 (SEC. 1.) All rivers, creeks and streams of running water in the Territory of Arizona are hereby declared public, and applicable to the purposes of irrigation and mining, as hereinafter provided."

"3201 (SEC. 3.) All the inhabitants of this Territory, who own or possess arable and irrigable lands, shall have the right to construct public or private acequias, and obtain the necessary water for the same from any convenient river, creek or stream of running water."

We need not stop to inquire whether these sections apply to subterranean streams, because the finding of fact which is sustained by the testimony is "that the only water upon said land is percolating water oozing through the soil beneath the surface in an undefined and unknown channel." Of course this excludes the idea of a "river, creek or stream of running water."

We see no error in the record, and the judgment of the Supreme Court of Arizona is

*Affirmed.*