OF THE

# STATE OF ARIZONA

FROM DECEMBER 14, 1918, TO NOVEMBER 13, 1919.

[Civil No. 1583.   Filed December 14, 1918.]

[176 Pac. 568.]

E. W. McKENZIE, Appellant, v. C. W. MOORE, Appellee.

1. MINES AND MINERALS—PUBLIC MINERAL LANDS—LOCATION.—A mineral location to be valid for any purpose must be made upon unappropriated government land open to location, in which mineral has actually been discovered in place.

2. MINES AND MINERALS—PUBLIC MINERAL LANDS—LOCATION.—Until the actual discovery of mineral in place, all acts tending to consummate a valid mineral location give the locator no right other than the right to continue a reasonable search for mineral.

3. MINES AND MINERALS—PUBLIC MINERAL LANDS—LOCATION—RIGHTS ACQUIRED.—Locator's unquestionable right to possession of the area within the boundary of the claim carries the right to possession of the timber, soil, country rock, percolating waters, natural springs, except certain mineral springs, and every appurtenant belonging to the realty.

4. MINES AND MINERALS—PUBLIC MINERAL LANDS—LOCATION—RIGHT TO POSSESSION.—Where locator failed to discover minerals in place within ninety days from initiation of location under Civil Code of Arizona of 1913, paragraph 4030, his right to exclusive possession terminated, but, until the government intervened or some qualified citizen of the United States initiated a better claim to possession of premises located, the actual possession thereof could not be disturbed.

5. APPEAL AND ERROR—REVIEW—FINDING.—Trial court's finding supported by substantial evidence will not be disturbed by the supreme court.

6. WATERS AND WATERCOURSES—PERCOLATING WATERS—RIGHT OF LAND OWNERS.—A spring which does not constitute the source of a water-

course belongs to the owner of the land who may appropriate and use its entire flow.

7. WATERS AND WATERCOURSES—APPROPRIATION OF SPRING.—Under Revised Statutes of United States of 1878, § 2339 (U. S. Comp. Stats. 1916, § 4647) and Civil Code of Arizona of 1913, paragraph 5344, limiting the appropriation of water to rivers, creeks and streams of running water, a spring of water cannot be appropriated by location claimed under Civil Code of Arizona of 1913, paragraphs 5337–5343.

8. COSTS—DISMISSAL—ACTION OF TRESPASSER.—Where action to restrain acts of trespasser upon mineral land claimed to have been acquired by plaintiff by a valid location of mining claim was dismissed upon ground that plaintiff had no title to land, costs were properly taxed against plaintiff, though defendant had acquired no right to land by attempted appropriation.

[As to applicability of federal law, see note in 139 Am. St. Rep. 156.]

APPEAL from a judgment of the Superior Court, of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

STATEMENT OF FACTS BY THE COURT.

This action was commenced to restrain acts of trespass alleged to have been committed and threatened by the appellee on appellant's Stockton mining location, and to recover damages for trespasses already committed. The plaintiff pleads ownership acquired by the valid location of a mining claim pursuant to the mining laws of the United States and of the state of Arizona, and continued possession of the premises covered by such alleged mining claim. The defendant disclaims all estate in the said premises except a prior water right acquired by him by means of appropriating the waters of Midway Spring, a spring arising from the ground within the limits of said mining location. The defendant denies plaintiff's right to possession of the premises, alleging that plaintiff's location is invalid because the ground attempted to be located as a mining claim is nonmineral in character, and plaintiff has not discovered mineral within the premises as required by law. Defendant denies all alleged acts of trespass and damages. The plaintiff replied, reasserting his (plaintiff's) actual possession of the premises and his right to possession based upon a valid mineral location. The cause was tried before the court, a jury having been waived. The court filed a statement of facts found and conclusions of law, and rendered judgment dismissing the action and awarding

costs to the defendant. From such judgment and an order refusing a new trial, plaintiff appeals.

Mr. J. T. Kingsbury, for Appellant.

Mr. Harry E. Pickett, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above). Without any doubt, the law is that a mineral location to be valid for any purpose must be made upon unappropriated government land open to location, in which mineral has actually been discovered in place. Until the actual discovery of mineral in place, all acts tending to consummate a valid mineral location give the locator no right other than the right to continue a reasonable search for mineral. The time given by the local statute of this state within which the location is required to be completed is limited to ninety days after the discovery of mineral on the ground (paragraph 4030, Rev. Stats. Ariz. 1913), in any event, and such additional time until conflicting rights intervene. The unquestionable right of the locator to the possession of the area within the boundaries of the claim marked on the ground by the requisite monuments as described in the location notice posted at the location monument carries the right to possession of every appurtenant belonging to the realty, including timber, soil, country rock, percolating waters, natural springs, except certain mineral springs and other things not material to this discussion. Hence, whenever the locator's exclusive right to possession of the premises with its appurtenances ceases, either by reason of his failure to perform all of the acts requisite to a complete mineral location, for instance, his failure to discover mineral in place in the ground being located within ninety days after his location was initiated, thereafter his exclusive right to possession based upon a mineral location is at an end, and he is thereafter holding possession of the public lands by the sufferance of the sovereign owner. The possession so held is subject to be terminated by the government, or by any citizen of the United States qualified to acquire title to public lands, without notice, simply by initiating a claim to the same premises under some law of Congress authorizing the disposition of public lands. But until the government intervenes, or some qualified citizen of the United States initiates a better

claim to the possession of the premises located, the locator cannot be disturbed in his actual possession. Of course, boundary lines of a mining claim, as marked on the ground after the locator's failure to complete his location for any cause, are no evidence of a right to possession nor of the extent of the locator's possession. The court has found from conflicting evidence that the plaintiff failed to complete the valid location of a mining claim, by reason of his failure to discover mineral in the claim. The record contains substantial evidence in support of that finding, and therefore this court will not disturb the finding. Such conclusion is not necessarily decisive of this case, for the reason the defendant is without right to question the plaintiff's actual occupancy of public lands until defendant has acquired some individual interest therein. The interest claimed by the defendant and relied upon to defeat plaintiff's claim is based upon an alleged location made by him of a water right, initiated at a time subsequent to the time of the expiration of plaintiff's period for completing his mineral location, and in form complying with the requirements of chapter 1 of title 55, Revised Statutes of Arizona of 1913, as to posting of notices, purposes, etc. The court has found from substantial evidence that defendant substantially performed all the acts of location and appropriation of a water right claim required by said chapter. The very vital inquiry whether defendant's acts of locating a water right resulted in vesting any right whatever in the defendant was not entered into at the trial.

"All rivers, creeks and streams of running water in this state are hereby declared public, and applicable to the purposes of irrigation and mining as hereinafter provided." Paragraph 5344, Rev. Stats. Ariz. 1913.

"All the inhabitants of this state, who own or possess arable and irrigable lands, shall have the right to construct public or private acequias, and obtain the necessary water for the same from any convenient river, creek or stream of running water." Paragraph 5346, Rev. Stats. Ariz. 1913.

The right to appropriate water for mining, agricultural, manufacturing, and other beneficial purposes is not limited to rivers, creeks and streams of running water on state and privately owned lands, but extends to public lands by grant of Congress as contained in section 2339, Revised Statutes of the United States of 1878 (U. S. Comp. Stats. 1916, § 4647).

The manner of appropriating water on public domain is delegated to the states, and in this state the right to appropriate water for any beneficial purpose, and thereby acquire a vested right in the said water, is limited to the appropriation of the waters declared public by paragraph 5344, *supra,* that is, to the appropriation of the waters of "rivers, creeks and streams of running water in this state."

Percolating water, unconfined to a definite channel, is not the subject of appropriation, but belongs to the realty. *Howard* v. *Perrin,* 200 U. S. 71, 50 L. Ed. 374, 26 Sup. Ct. Rep. 195; 40 Cyc. 704 (1) E. "A spring which does not constitute the source of a watercourse, the flow of its water or surplus being subterranean and concealed and a matter of uncertainty as to direction and volume, belongs to the owner of the land, who may appropriate and use its entire flow." 40 Cyc. 628, citing cases note 37. Certainly a spring of water, as such, is not one of the sources from which water may be appropriated by notice given. Before the party giving notice as provided in chapter 1 of title 55, Revised Statutes of Arizona of 1913, can acquire any right thereby, his claimed appropriation must be of waters of a river, creek or stream of running water. As a consequence, Congress by section 2339, *supra,* has reserved all water on the public lands, other than the waters of rivers, creeks and running streams, from appropriation by anyone separately from the land. The defendant alleges that he appropriated "Midway Spring" as a water right "by then and there placing at the point of diversion of said water or waters his certain notice of appropriation," etc., thereby leaving the question as to whether the notice was posted at the spring, or at a point from the spring on a stream having its source at the spring. The findings of the court shed but little light upon this fact, further than to state that the notice posted at the point of diversion "did therein also state that he did intend to construct and maintain a canal from said spring down said wash to said reservoir," leaving room for the inference that the "point of diversion" at which the notice is posted is no other than the spring. If such inference is indulged, the defendant initiated no right whatever in the spring.

The defendant states in describing the spring with relation to the location monuments and mining shaft work as follows:

"There was no fresh dirt around when I located. The water was down probably three feet from the surface, enough to get a drink with a bucket, dipping down. At the time I located it, it did not look like a mining shaft; it was about seven by eight feet by six feet deep."

Without any doubt, the record discloses that the defendant has made an effort to appropriate the water in a seeping spring or well and thereby acquire a right therein under a law that permits the appropriation of the waters of rivers, creeks and streams of running water alone. Clearly the defendant acquired no right whatever in the water nor in the land by reason of his notice posted or work done pursuant thereto.

The court as the law states the conclusion that defendant is the owner of the waters in and entitled to the full and complete possession and enjoyment of the waters "in and to and at the said Midway Spring, under and by virtue of his said valid appropriation thereof upon the twelfth day of January, 1915, aforesaid, of, to wit, all the water in the Midway Spring." The judgment following is as follows:

" . . . Ordered, adjudged, and decreed that the plaintiff . . . do have and take nothing by or in this, his action against the defendant, C. W. Moore, but that said action be dismissed, and it is further ordered, adjudged, and decreed that the defendant, C. W. Moore, do have and recover of and from the plaintiff his costs."

The judgment does not pretend to adjudicate the question of superior title as between the parties. As I have shown above, plaintiff's failure to show a valid location would prevent an adjudication establishing his title, and consequently a restraining order under the allegations of his complaint. The fact that defendant acquired no right by his attempted appropriation of the waters of a spring would justify the court in refusing him affirmative relief. The effect of the judgment as entered is a dismissal of the action with costs to the defendant. This is not a determination to be condemned in the light of the pleadings and the evidence. The plaintiff relied upon a definite, positive title, and that title failed. Had he relied upon actual possession and dominion over the spring and his improvements placed on the ground, and injury thereto, a different case would have been presented for adjudication. A man residing upon public land and relying upon natural spring water for use after developing the flow

of the spring and piping the flow to a reservoir for watering stock and for domestic use of a tenant living in a house near the spring ought not in natural justice to be deprived of the use of the water and improvements by one who has no better title to the land than the person first using the water, but such is not this case.

Upon the whole record, I am of the opinion the judgment is correct as responsive to the pleadings and evidence before the court.

The judgment should be affirmed.

JOHN WILSON ROSS, J., concurs.

HENRY D. ROSS, J., being absent on account of sickness, took no part in the decision of this case.

Authorities discussing all phases of the question as to location of mining claim are collated in a comprehensive note in 7 **L. R. A. (N. S.)** 763.