[Civil No. 3549.  Filed March 18, 1935.]

[42 Pac. (2d) 403.]

HOPE CAMPBELL, Appellant, v. CHARLES D. WILLARD, Appellee.

Mr. Norman F. Wykoff, for Appellant.

Mr. K. Norton, for Appellee.

LOCKWOOD, C. J.—Charles D. Willard, hereinafter called plaintiff, brought suit against Hope Campbell, hereinafter called defendant, seeking to enjoin defendant from using any of the water which flowed from a certain artesian well located on the N.E.¼ of the N.W.¼ of Sec. 27, Tp. 16 N., R. 3 E., G. & S. R. B. & M., or from interfering in any manner with the free and uninterrupted flow of said water to the adjoining lands of the plaintiff, and from using a right of way across certain lands of the plaintiff, and for damages. Judgment was eventually rendered in favor of plaintiff granting an injunction as prayed for, but no damages, and, after the usual motion for new trial was denied, this appeal was taken.

The facts of the case, stated in the strongest manner on behalf of plaintiff, as under our rule we must take them, may be stated as follows: In the year 1913 the land above described was government land. During that year plaintiff drilled thereupon an artesian well to the depth of about 500 feet, and, upon the completion of the well, water flowed naturally therefrom at the rate of about 30 gallons per minute. For some two years thereafter, certain neighbors of plaintiff, with his consent, used the water to irrigate about three acres of land, the location of which does not appear from the record, but thereafter ceased such use, and the water ran naturally through a small channel which it formed from the well for

about 400 feet before it sank into the ground and disappeared. In the year 1920, plaintiff laid a pipe line from the well down to a ranch which he had rented about a half mile away, and used the water thereon for dairy purposes until March, 1932. At that time plaintiff discovered that the flow of water had been cut off near the pipe line by defendant, who had on January 11, 1932, received a United States patent to the land upon which the well in question was situated, and defendant thereafter used, and was at the commencement of the action continuing to use, such waters on land for various domestic and irrigation purposes. Plaintiff has never made any application to the state water commissioner for a permit to appropriate water from the well in question, nor is there any evidence whatever in the record to show that such water comes from an underground stream or lake.

The evidence also shows that defendant has for about four years before the suit was tried used a private roadway crossing plaintiff's land as a means of ingress and egress from his own land, against plaintiff's will and consent. Defendant does not deny the foregoing facts, but contends that, so far as the water is concerned, plaintiff has never legally initiated any appropriation thereto under the laws of Arizona, for the reason that it is percolating water not subject to appropriation, but belonging to the owner of the land on which the well is situated. He does not deny that he has been in the habit for some four years of using a private road which crosses plaintiff's premises, as a convenient method of ingress and egress from his land, but admits that, while it is more convenient to use such road in order to reach the nearest public road, there is another method by which he can reach a public road without crossing plaintiff's land.

■ We discuss first the question of the water: In the case of *Maricopa County Municipal Water Conservation District No. 1 et al.* v. *Southwest Cotton Co. et al.,* 39 Ariz. 65, 4 Pac. (2d) 369, we had occasion to consider the question of what underground waters were subject to appropriation under the law of Arizona. Therein we said that percolating subterranean waters were not subject to appropriation, and that the presumption was that underground waters were percolating in their nature, so that he who asserted they were not must prove his assertion affirmatively by clear and convincing evidence. We further held that in order to show that subterranean waters came from a source subject to appropriation, it must appear that there was a subterranean stream flowing in a natural channel between well-defined banks, or a subterranean lake in the sense in which the word is used in our statutes. There is no evidence whatever to the effect that the water of the well in question comes from a subterranean stream or lake. On the contrary, plaintiff himself, in substance, testified that he does not think there is an underground stream, but that the water in effect percolated into his well and then rose to the surface. Water of this class is not subject to appropriation under the law of Arizona, but belongs to the owner of the land on which it is found, and, since it is admitted that defendant owns the land on which the well is situated, he is entitled to the use of the water therefrom, not as an appropriator, but as the owner of the land. *C. E. Howard* v. *E. B. Perrin,* 8 Ariz. 347, 76 Pac. 460; Id., 200 U. S. 71, 26 Sup. Ct. 195, 50 L. Ed. 374. There seems to be some claim that, because after the artesian water emerged from the surface it flowed in a natural channel for some 400 feet before it sank into the ground, this made it a stream subject to appropriation. We have had a somewhat

similar question in the case of *Fourzan* v. *Curtis,* 43 Ariz. 140, 29 Pac. (2d) 722, in which we held that in order to determine whether waters are of the class subject to appropriation under the law we must consider them in their natural state, and not as developed artificially. The case cited involved the waters of a spring or seep, but since our statute limits appropriable waters to "natural" streams or channels, the same principle would of course apply to any other waters, and it is obvious that the water in question was brought to the surface by purely artificial means. The trial court therefore erred in enjoining defendant against the use of the waters of the well found upon his land.

So far as the injunction against crossing the plaintiff's land is concerned, the situation is very different. Under the law of Arizona, a private right of way across the lands of another can only be obtained by grant, condemnation, or prescription. *Territory of Arizona* v. *Richardson et al.,* 8 Ariz. 336, 76 Pac. 456. There is nothing in the evidence to show that defendant or his predecessor in interest had secured a right of way across plaintiff's land in any of these manners. The court therefore properly enjoined defendant from crossing plaintiff's land.

The judgment of the superior court of Yavapai county is affirmed in so far as it enjoins defendant from crossing the lands of plaintiff as a means of ingress and egress from defendant's property to the public highway, and reversed in so far as it enjoins defendant from using or diverting the waters of the well described in the complaint.

McALISTER and ROSS, JJ., concur.