242 P.2d 276

**BURGETT et al. v. CALENTINE.**

No. 5168.

Supreme Court of New Mexico.

April 3, 1951.

On Rehearing March 20, 1952.

Mechem & Mechem, Las Cruces, for appellant.

Shipley & Shipley, Alamogordo, for appellees.

LUJAN, Chief Justice.

This is an action for damages in tort and for an injunction to restrain the defendant from interfering with the plaintiffs' use and enjoyment of an easement. The case was tried to the court without a jury and it found in favor of the plaintiffs. From the judgment which followed, the defendant prosecutes this appeal. The

parties will be referred to as they appeared in the lower court.

In 1884, James Hunter, the predecessor in title of the plaintiffs, settled on public land adjoining the quarter section on which certain springs are located. While the land was still a part of the public domain of the United States the plaintiffs' predecessor in interest appropriated the waters flowing from these springs, and conveyed them by means of ditches and wooden troughs to the land now owned by plaintiffs and there used them for domestic and irrigation purposes. As a part of Hunter's diversion works and for the protection of the springs from pollution and damage, he constructed a fence on approximately one-quarter acre around the springs. In 1892, Hunter received a patent from the United States to the land now owned by plaintiffs. This land with all appurtenances has passed by mesne conveyances to plaintiffs, and, since their acquisition of this land, they have replaced the old means of conveyances theretofore installed by their predecessors in title with a two inch pipe, as well as a new fence around the springs.

Subsequent to the appropriation of this water by Mr. Hunter, the United States Government, by grant conveyed the land upon which these springs are situated to the State of New Mexico.

The plaintiffs base their claim to the use of the waters, pipe line and fence involved in these proceedings upon the appropriation and development thereof by their predecessors in title. The defendant bases his claim to the waters in dispute upon a grazing lease from the State of New Mexico on which the springs are located.

The defendant contends that since the waters from these springs do not flow in a natural channel, but sink in the soil, they are not subject to appropriation. We agree with this contention.

The law of appropriating water does not apply to springs which do not have a well defined channel through which the water can flow. Vanderwork v. Hewes & Dean, 15 N.M. 439, 110 P. 567; Howard v. Perrin, 8 Ariz. 347, 76 P. 460, affirmed by the Supreme Court of the United States, 200 U.S. 71, 26 S.Ct. 195, 50 L. Ed. 374. However, if the water rises to the surface and thereafter flows in a stream so as to form a definite channel, it may be appropriated. Keeney v. Carillo, 2 N. M. 480; De Necochea v. Curtis, 80 Cal. 397, 20 P. 563, 22 P. 198; Williams v. Harter, 121 Cal. 47, 53 P. 405.

The finding of fact, which is sustained by the evidence, "that the springs are small springs and that the waters from same do not flow off the State land, but sink in the ground," excludes any idea of a "river, creek, arroyo, canyon, draw or wash." Consequently the water of the

class in litigation is not subject to appropriation under the Constitution and laws of this state, but belongs to the owner of the land upon which it is found, Vanderwork v. Hewes & Dean, supra.

We now pass to the next question: Can an easement be acquired against the United States Government or the state?

■■ An easement cannot be acquired against the State or United States, by adverse possession. 19 C.J., Sections 23, 24, p. 876; 28 C.J.S., Easements, § 9, page 643; and cases cited in the foot notes. The general rule is to the effect that: "In the absence of a provision making the state subject to the statute of limitation no title by adverse possession can be acquired against the state or the United States no matter how long continued." 2 C.J. Sections 440, 443, p. 213, 214, citing many cases from the Supreme Court of the United States and from thirty states. 2 C.J.S., Adverse Possession, § 12.

■ Thus, the mere fact that the plaintiffs and their predecessors in title made improvements on land owned by the United States and later by the State and thereafter used the water of the springs in question, continuously for over sixty years, did not vest them with an easement.

The judgment will be reversed and the cause remanded with a direction to the district court to dismiss the complaint. The defendant-appellant will recover his costs below and here. It is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

COORS, J., did not participate.

On Motion for Rehearing.

LUJAN, Chief Justice.

■ In our opinion on file, the fact was overlooked that defendant (appellant) in the answer filed by him had not questioned the use by plaintiff (appellee) of so much water from the springs in question as could be carried by a ¾ inch pipe and in the answer defendant indicated a willingness to have plaintiff continue such use. We have no disposition to withhold from plaintiff any use of the waters, as between the parties hereto, which defendant in his formal answer indicates a willingness to concede plaintiff.

Accordingly, and basing our direction solely upon the concessions contained in defendant's answer, our former opinion is modified so as to direct the trial court, in reframing the decree to be entered herein, to incorporate therein such provisions as will permit and protect the plaintiff's enjoyment in the use of such waters to the extent and by the means consented to by defendant in his said answer.

Otherwise than as here modified, in order to accord with the concessions contained in. defendant's answer, our former opinion is to stand as written.

It is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

COORS, J., did not participate.