448 P.2d 128

Jewel H. ENGLAND, husband of Velma England, dealing with his sole and separate property, and Jewel H. England and Velma England, husband and wife, Appellants,

v.

ALLY ONG HING and Fon Jing Hing, husband and wife, Appellees.

No. 2 CA–CIV 304.

Court of Appeals of Arizona.

Dec. 17, 1968.

Review Granted Feb. 4, 1969.

Elmer C. Coker, Phoenix, and Tom Fulbright, Florence, for appellants.

Stockton & Hing, by Robert Ong Hing, Phoenix, for appellees.

DONOFRIO, Judge.

■ Appellants, in their motion for rehearing in this cause of England v. Ally Ong Hing, 8 Ariz.App. 374, 446 P.2d 480 (Former opinion filed October 9, 1968), cite this Court as espousing law contrary to Arizona Supreme Court decisions. This we may not do. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968). They quote from our decision:

"A fortiori, if the destroyed spring was on the owner's own property, then he could also destroy that spring. * * *"

8 Ariz.App. 374, at page 379, 446 P.2d 480, at page 485.

■ Such language may give some persons the impression that we advocate that a riparian owner has the right to destroy a spring in violation of the rights of a prior appropriator or the state. Through this supplementary decision, we wish to clear up any such erroneous impression.

■ An analysis of the Arizona cases of Parker v. McIntyre, 47 Ariz. 484, 56 P.2d 1337 (1936), Stewart v. Verde River Irr. & Power Dist., 49 Ariz. 531, 68 P.2d 329 (1937) and the State Water Code, A.R.S. § 45–101 et seq. definitely shows that springs are appropriable and that such appropriable waters belong to the State and not the riparian landowner. These appropriable waters may not be destroyed at the will or whim of the riparian owner.

■ In the England opinion we determined that the water covered over by defendant was not an appropriable spring, but was percolating water. In Fourzan v. Curtis, 43 Ariz. 140, 29 P.2d 722 (1934), it was considered the long-established law in Arizona that percolating waters were not subject to appropriation. The early case of

McKenzie v. Moore, 20 Ariz. 1, 176 P. 568 (1918), pointed out:

"Percolating water, unconfined to a definite channel, is not the subject of appropriation, but belongs to the realty. Howard v. Perrin, 200 U.S. 71, 26 S.Ct. 195, 50 L.Ed. 374; 40 Cyc. 704(1) E. 'A spring which does not constitute the source of a water course, the flow of its water or surplus being subterranean and concealed and a matter of uncertainty as to direction and volume, belongs to the owner of the land, who may appropriate and use its entire flow.' * * *" 20 Ariz. at page 5, 176 P. at page 569.

■ The Arizona Supreme Court has put Arizona directly under the doctrine of reasonable use when using ground water. This doctrine permits the owner of land through which ground water percolates to freely use or destroy the water without limitation or liability, provided the use is for the purpose of reasonably putting to a beneficial use the land from which the water is taken. Bristor v. Cheatham, 75 Ariz. 227, 255 P.2d 173 (1953).

■ There was no evidence to sustain any finding that the plaintiff appropriated an appropriable subterranean stream which was the source of the water used by the plaintiff. In the first case of Bristor v. Cheatham, 73 Ariz. 228, 240 P.2d 185 (1952), it was held that all underground water is presumed to be percolating. In the second Bristor v. Cheatham case, 75 Ariz. 227, 255 P.2d 173 (1953), there was nothing said to negative this statement. It is this Court's opinion that the Arizona law would permit a landowner to develop his land even though it may alter or destroy ground water which may be the source of a spring on his own land, as long as the developer was only making reasonable use of his land and the percolating water thereon. Oregon has passed upon this question, reaching this result. Bull v. Siegrist, 169 Or. 180, 126 P.2d 832 (1942). Our Supreme Court has announced that Oregon cases involving water law are very persuasive. Stewart

**560**

v. Verde River Irr. & Power Dist., 49 Ariz. 531, 68 P.2d 329 (1937).

In the instant case there had never been a prior appropriation of the particular springs involved of which the ground water was the source, therefore we need not pass upon the question of a spring which was appropriated prior to its destruction.

With this explanation of our prior decision, we deny the motion for rehearing.

CAMERON, C. J., and STEVENS, J., concur.

NOTE: This cause was decided by the Judges of Division One as authorized by A.R.S. § 12–120, subsec. E.