652 P.2d 226

Gilberto ULIBARRI and Isabelle Ulibarri, his wife, Plaintiffs-Appellees,

v.

Thomas HAGAN and Lenora Hagan, his wife, Defendants-Appellants.

No. 14349.

Supreme Court of New Mexico.

Sept. 7, 1982.

Rehearing Denied Oct. 4, 1982.

Bruce C. Redd, Albuquerque, for defendants-appellants.

Steven Hernandez, Las Cruces, for plaintiffs-appellees.

OPINION

PAYNE, Justice.

The Ulibarris brought this suit seeking an adjudication of water rights in a certain spring and an ejectment of the Hagans from the land on which the spring was located. The Hagans counterclaimed asking for a determination that they owned both the land and the water rights in the spring. The jury found that the Hagans owned the land and judgment was entered accordingly. That portion of the judgment is not challenged. On the issue of water rights, the court determined that ownership was irrelevant because the predecessors of the parties had entered an agreement to share the water. The court imposed a trust on the water rights for the use of both parties. The Hagans appeal from the imposition of this trust.

During the trial, the Ulibarris moved for dismissal of that portion of the suit which involved a determination of the water rights. In support of the motion, the Ulibarris referred to a prior suit, *State ex rel. Reynolds v. Acosta*, Grant County District Court No. 16,610 (September 3, 1968), in which water rights in the Reserve Area of the San Francisco River Stream System had been determined. The spring at issue in the present case was not included in the original judgment in the *Acosta* case, but was considered in a subsequent order nunc pro tunc which supplemented the original order and granted the water rights in the spring to the Hagans' predecessor. The Ulibarris claimed that although Gilbert Ulibarri was joined as a defendant in the original *Acosta* suit, his wife Isabelle was not, and that neither of the Ulibarris was given notice of the motion which resulted in the order nunc pro tunc. The Ulibarris' motion

to dismiss in the present case asserted that the Grant County court retained exclusive jurisdiction of the adjudication of water rights in the basin involved, and that any adjudication of water rights in the case at bar would be of no force and effect. The Hagans also moved for dismissal. The trial court denied these motions because it considered ownership irrelevant in light of the above agreement.

The fundamental question here is whether, once an adjudication of water rights by one district court has been made, a separate district court may subsequently impose a trust on the water rights granting rights not recognized by the original court. Our conclusion is that it cannot.

Section 72–4–17, N.M.S.A. 1978, states in part:

> In any suit for the determination of a right to use the waters of any stream system, all those whose claim to the use of such waters are of record and all other claimants, so far as they can be ascertained, with reasonable diligence, shall be made parties.... The court in which any suit involving the adjudication of water rights may be properly brought shall have exclusive jurisdiction to hear and determine all questions necessary for the adjudication of all water rights within the stream system involved....

■ The broad language in this statute specifies that *all* questions necessary for the adjudication of *all* water rights must be heard and determined in the court in which the suit is brought. The *Acosta* case involved the stream system in which the spring apparently lies. Therefore, only the district court in Grant County may hear and determine any questions relating to water rights to this spring. Consideration of the prior agreement to share the water rights, which was the basis for the court's imposition of a trust, involved a question relating to water rights under Section 72–4–17. By hearing questions relating to the water rights in a stream system which had been adjudicated in the Grant County court, the court below deprived the Grant County court of its exclusive statutory jurisdiction.

■ The record in this case does not conclusively demonstrate that the spring was part of the stream system. Because the district court ruled that the ownership of the water rights was irrelevant to this case, it did not admit evidence of that ownership. The Ulibarris' motion indicates that the spring was part of the San Francisco River Stream System. If the Grant County court determined that the spring was part of the stream system, then the Grant County court would retain jurisdiction over the spring. We have previously held that the procedure for adjudication of water rights is all-embracing, and that it includes all claimed rights of appropriators from artesian basins within a stream system. *State v. Sharp,* 66 N.M. 192, 344 P.2d 943 (1959). However, we have also held that waters from springs which sink in the soil rather than flow in a natural channel are not subject to appropriation. *Burgett v. Calentine,* 56 N.M. 194, 242 P.2d 276 (1951). Before the district court can dismiss on the basis that the Grant County court has exclusive jurisdiction, it must be satisfied that a prior order actually was entered declaring that the spring is part of the "stream system involved." Accordingly, we remand for a determination of this issue, with directions to grant the motions to dismiss if such an order was entered at some point in the *Acosta* case.

The judgment is affirmed in part and stayed in part pending a determination by the district court of whether a prior order by the Grant County court declared the spring to be part of the stream system; if it did, the judgment is reversed with directions to dismiss that portion of the suit involving the determination of water rights.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.