752 P.2d 1112

**David STONE, Plaintiff–Appellant,**

v.

**Herman RHODES and Fern Rhodes, his wife, Defendants–Appellees.**

**No. 9531.**

Court of Appeals of New Mexico.

March 22, 1988.

Stephen Doerr, Doerr & Knudson, P.A., Portales, for plaintiff-appellant.

Richard F. Rowley, II, Clovis, Martha A. Daly, Rothstein, Bailey, Bennett, Daly & Donatelli, Santa Fe, for defendants-appellees.

## OPINION

GARCIA, Judge.

In 1982, plaintiff, David Stone (Stone), purchased a twenty-acre tract of land from the City of Portales (City). The City had owned the tract since at least 1942. Defendants Herman and Fern Rhodes (Rhodes) own the property that borders the tract on both the north and west sides. At the time Stone purchased the tract, it had been fenced on all four sides and the Rhodes were leasing it from the City. The fencing on the north side, however, is not straight but jogs off to the southeast. At the point where the fence jogs, vestiges continue due east straight across the northern boundary. The jog begins approximately halfway along the northern fence and has created a triangular strip in the northeast corner of the property. The controversy centers around the claims of ownership along the common boundary, and Rhodes' claim to an easement across the triangular strip.

In 1985, Stone had his land surveyed. Thereafter, in conformity with the survey, Stone attempted to refence the property including the triangular strip. Rhodes interfered and prevented Stone from constructing the fence. Stone subsequently filed a petition for declaratory judgment asking the trial court to determine the valid boundaries between the properties.

The trial court found that the fence and vestiges between the tracts had existed for more than thirty years and had been ac-

quiesced in and recognized as the true boundary line between the tracts by both the City and Rhodes and their predecessors. In conclusion, the trial court determined that there existed clear and convincing evidence that the true boundary of Stone's property included not only that property already fenced but that northeast triangular portion which jogs. Accordingly, the trial court dismissed Stone's petition with prejudice. Stone appeals.

Stone raises three issues on appeal, two of which concern the finding of acquiescence, and a third dealing with Stone's right to fence around the triangular strip, as to which the trial court made no finding. Because we hold that the doctrine of acquiescence has no application against a governmental entity, we need not reach Stone's third issue. This appeal presents a matter of first impression: whether, by acquiescence, a party can obtain an ownership interest in property owned by a governmental entity, here, a municipality. We hold he cannot, and reverse.

Initially, we recognize that the trial court's judgment is inconsistent with its findings of fact and conclusions of law. Although the trial court concluded that the triangular strip of property belonged to Stone, the court then dismissed Stone's petition and granted Rhodes' counterpetition. Rhodes' counterpetition, however, asked the trial court to recognize the then existing fence dividing the properties as the true common boundary. In essence, given the specific wording on Rhodes' counterpetition, Rhodes asked the trial court to grant legal ownership in the triangular strip to him. Rhodes admitted, however, both at trial and on appeal, that at no time was he claiming ownership in the strip. Accordingly, we note the ambiguity and hold, consistent with the trial court's findings and conclusions, that Stone owns the triangular strip.

■ Acquiescence is an accepted principle for settling boundary disputes. *Platt v. Martinez*, 90 N.M. 323, 563 P.2d 586 (1977). A boundary may be established by long-recognition of the abutting owners, amounting to acquiescence. *Cauble v. Beals*, 96 N.M. 443, 631 P.2d 1311 (1981); *Thomas v. Pigman*, 77 N.M. 521, 424 P.2d 799 (1967). The doctrine of acquiescence is principally based on an agreement, expressed or implied, of adjoining landowners, whereby they recognize or acquiesce in a certain line as the true boundary of their properties. *Montgomery v. Sellers*, 48 Or.App. 719, 618 P.2d 5 (1980). Generally, in order to prevail under the doctrine of acquiescence, a party must show by clear and convincing evidence that he and his neighbor recognize a physical boundary as the true dividing line of their property. *Heriot v. Lewis*, 35 Wash.App. 496, 668 P.2d 589 (1983). The doctrine is premised on the presumption of an agreement between the parties fixing the dividing line between the properties through the long continued maintenance of a fence or other monument. The "boundary" is given such credence that after a certain period of time has lapsed, in the interest of peace and quiet, this dividing line is recognized as the true boundary dividing the properties. The purpose behind the doctrine lies somewhere between those supporting adverse possession and estoppel. *Florence v. Hiline Equip. Co.*, 581 P.2d 998 (Utah 1978).

■ The doctrine of acquiescence, however, applies only to privately owned land and not to government land. In New Mexico, the State Land Commissioner, alone, has absolute dominion over state land. N.M. Const. art. XIII, § 2; *In re Application of Dasburg*, 45 N.M. 184, 113 P.2d 569 (1941). Accordingly, all New Mexico state land is to be disposed of as provided by law. N.M. Const. art. XIII, § 1. The majority rule is that title to land held by the state, in any capacity, cannot be obtained by adverse possession because the state cannot be bound by the defaults or negligence of her officers or agents. *Sears v. Fair*, 397 P.2d 134 (Okl.1964). Likewise, the public cannot lose its right in government lands because the government's agents chose not to resist an en-

croachment by one of its own members whose duty it was, as much as any other citizen, to protect the state. *Trigg v. Allemand,* 95 N.M. 128, 619 P.2d 573 (Ct.App. 1980) (citing *Kempner v. Aetna Hose, Hook & Ladder Co.,* 394 A.2d 238 (Del.Ch., 1978)).

■ Moreover, in New Mexico a party may not obtain an easement by prescription over governmental property. *Burgett v. Calentine,* 56 N.M. 194, 242 P.2d 276 (1951). Unlike adverse possession, however, a party obtaining an easement by prescription obtains only the right to use of the land, and not ownership. *See Hester v. Sawyers,* 41 N.M. 497, 71 P.2d 646 (1937). Accordingly, we hold that since a private party cannot obtain mere use rights against state land, legal title against such lands likewise cannot be obtained by that party. Accordingly, we hold that title to state land cannot be obtained pursuant to the doctrine of acquiescence. This rule, likewise, applies to municipalities.

■ In the present case, the City owned the property from 1942 until 1982 when Stone purchased it. Thus, during that forty-year period, irrespective of the fact that the fence surrounding the tract did not include the northeast triangle, the Rhodes' could not have obtained any interest, whatsoever, in the property regarding ownership or use, except the interest they maintained as lessees. When ownership in the tract was transferred from the City to Stone, however, the Rhodes' claim of boundary by acquiescence began. Stone's 1985 declaratory judgment suit, however, interrupted any acquiescence and, accordingly, the Rhodes presently obtain no ownership interest in the property. *See Burgett v. Calentine.*

■ Since the issue was not raised nor argued at the trial court, we do not deter-mine whether the Rhodes now maintain an easement interest in the triangle. Further, the party arguing the existence of an easement has the burden of proof. *Tresemer v. Albuquerque Pub. School Dist.,* 95 N.M. 143, 619 P.2d 819 (1980). Thus, in order that Rhodes obtain an easement across the northeast corner of Stone's property, the issue must be properly raised before the trial court and its existence proven by Rhodes. This, they have not done. Accordingly, because we determine that the Rhodes presently have no legally recognized easement rights in Stone's property, we need not discuss whether Stone's construction of a fence impinges upon that claimed right.

In conclusion, because the trial court based its determination on the doctrine of acquiescence and because we have determined that the doctrine was inapplicable here because of governmental ownership of the land, we hold that no legal boundary has, as of yet, been determined. Accordingly, we remand to the trial court for a factual determination, including the presentment of additional evidence, if necessary, to determine the true common boundary between the properties.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.