This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MILLER FARMS, ED PAGE,**
**KEN AND DENIS STARK, MICHAEL**
**CALDERELLA, STANLEY ROOT,**
**PERELLI-MINETTI TRUST III, and**
**MSPM ASSOCIATES, L.P.,**

      Petitioners-Appellants,

v.                                   **NO. 33,416**

**SCOTT A. VERHINES, P.E.,**
**NEW MEXICO STATE ENGINEER,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

A. Blair Dunn
Albuquerque, NM

for Appellants

Office of the State Engineer
DL Sanders, Chief Counsel
Chris Lindeen, Special Assistant Attorney General
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Petitioners appeal an order quashing an alternative writ of mandamus that directed the Respondent State Engineer to file Petitioners' declarations regarding their assertions to pre-1907 surface water rights. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Respondent has filed a memorandum in support and Petitioners have filed a memorandum in opposition, both of which we have duly considered. As we do not find Petitioners' arguments to be persuasive, we affirm.

{2}     Petitioners argue that the district court erred in concluding that it lacked jurisdiction to issue an alternative writ of mandamus due to a preexisting adjudication to determine Petitioners' water rights. In our notice of proposed summary disposition, we proposed to hold that the district court did not err in concluding that it lacked jurisdiction to hear this matter. Under New Mexico law, once a suit has been filed for the determination of a right to use the waters of a stream system, "*all* questions necessary for the adjudication of *all* water rights must be heard and determined in the court in which the suit is brought." *Ulibarri v. Hagan*, 1982-NMSC-101, ¶ 5, 98 N.M.

676, 652 P.2d 226. This is because, by statute, "[t]he court in which any suit involving the adjudication of water rights may be properly brought shall have exclusive jurisdiction to hear and determine all questions necessary for the adjudication of all water rights within the stream system involved[.]" NMSA 1978, § 72-4-17 (1965). Although NMSA 1978, Section 72-1-3 (1961) provides that such declarations filed with the State Engineer "shall be recorded" and shall constitute "prima facie evidence of the truth of their contents," we have held that the State Engineer need not file the declarations when evidence in the State Engineer's possession contradicts the documents to be filed. *See Eldorado Utilities Inc. v. State ex rel. D'Antonio*, 2005-NMCA-041, ¶¶ 9-13, 137 N.M. 268, 110 P.3d 76. Because the district court would have to assess the State Engineer's evidence regarding Petitioners' water rights and compare that evidence against Petitioners' declarations in order to determine whether the State Engineer was required to accept Petitioners' declarations for filing, we proposed to hold that Section 72-4-17 prohibited the district court from engaging in such an inquiry. The examination of such evidence may necessarily involve some interpretation, as well as a determination of whether Petitioners' water rights are vested, and the purpose of Section 72-4-17 is to have the resolution of all such matters done in a single adjudication.

**{3}** In Petitioners' memorandum in opposition, they do not discuss Section 72-4-17 or its impact on the district court's jurisdiction in this case. Instead, they focus on Section 72-1-3 and its requirement that the State Engineer "shall" record declarations filed in its office. However, the focus of our inquiry on appeal is not what the State Engineer must do, but what the district court had the authority to do. And as we explained in our notice, Section 72-4-17 limited the district court's jurisdiction to decide any matters relating to Petitioners' water rights, since a previously filed adjudication of Petitioners' water rights was pending.

**{4}** Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

**{5}** **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**